IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02717-PAB

JAMES L. NERO, individually and on behalf of a class of others similarly situated,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on the Motion for Temporary Restraining Order [Docket No. 38] filed by defendant American Family Mutual Insurance Company ("American Family"). For the reasons discussed below, the motion for a temporary restraining order ("TRO") is denied.

On February 15, 2011, plaintiff James L. Nero filed this putative class action suit [Docket No. 2] in the District Court for the Northern District of Illinois. In the complaint, Mr. Nero brought claims for breach of contract, fraudulent concealment, negligent misrepresentation, bad faith, and violations of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 *et seq*. Docket No. 2 at 6-10. On October 19, 2011, the case was transferred to this Court [Docket No. 1] and shortly thereafter, on January 17, 2012, American Family filed a Motion to Dismiss [Docket No. 20]. One basis of American Family's motion to dismiss was that the parties' dispute was subject to mandatory arbitration. Docket No. 20 at 8.

On March 1, 2012, Mr. Nero notified American Family that an arbitration hearing to settle issues related to the insurance policy was scheduled for March 5, 2012 at 1:30 p.m. in Chicago, Illinois in front of the Honorable Joseph Casciato.  Docket No. 38 at 2, ¶ 2.

In the present motion, American Family seeks a TRO to enjoin the March 5, 2012 arbitration hearing.  *Id*. at 4.  American Family asserts that "[t]wo business days' notice is wholly insufficient to permit" a party to prepare for an arbitration and it would be "fundamentally unjust" to allow the scheduled arbitration to proceed.  *Id*. at 3, ¶ 7.  American Family contends that, although it does not contest the arbitration of Mr. Nero's claims, it opposes Mr. Nero's hurried request to arbitrate the matter because it is both "unfair and contrary to the arbitration provision in the policy of insurance."  *Id*.  American Family further argues that both the location of the arbitration and the designation of a single arbiter are contrary to terms of the parties' insurance policy.  *Id*.  American Family claims that, if the Court does not enjoin the arbitration, it would suffer irreparable harm in that it could potentially have to "oppose confirmation of an unjust arbitration award, presumably in state court in Illinois, without a full opportunity to challenge factual findings of the arbitrator."  *Id*. at 4, ¶ 8.

Local Rule 65.1 states that a motion for a temporary restraining order shall be accompanied by a certificate of counsel stating, among other things, that "actual notice" of the motion was provided to the opposing party or "the efforts made by the moving party to give such notice."  D.C.COLO.LCivR 65.1A.  The motion incorporates a "declaration" by counsel for American Family.  *See* Docket No. 38 at 4.  However, that

declaration says nothing about American Family having provided Mr. Nero with notice of the TRO or having provided him with a copy of the motion.  The declaration also does not suggest why American Family should be excused from providing notice.  Moreover, as stated in Local Rule 65.1A.2, the conferral requirement of Local Rule 7.1A applies to motions for a temporary restraining order.  The motion does not indicate that American Family "conferred or made reasonable, good-faith efforts to confer with opposing counsel" regarding the TRO.  See D.C.COLO.LCivR 7.1A.  The fact that counsel for American Family sent a letter to the arbitrator and counsel for plaintiff objecting to the arbitration, without mentioning the TRO motion, does not comply with either D.C.COLO.LCivR 65.1A or Federal Rule of Civil Procedure 65(b)(1)(B).  As stated in Local Rule 65.1A.2, "the court will not consider an ex parte motion for temporary restraining order."  Therefore, due to American Family's failure to comply with the requirements of Local Rule 65.1A and Federal Rule of Civil Procedure 65(b)(1)(B), the motion for temporary restraining order will be denied.

Even if the Court considers the motion on the merits, American Family fails to justify issuance of a temporary restraining order.  A party seeking a temporary restraining or a preliminary injunction order must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008)).  The Tenth Circuit has made it clear that "because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."

*Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009). The same considerations apply to the issuance of a temporary restraining order. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

To satisfy the irreparable harm requirement, a plaintiff must demonstrate "a significant risk that he or she will experience harm that cannot be compensated after the fact." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003). Here, American Family argues that it would face irreparable harm because the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, "severely constrains the bases for challenging an arbitrator's award." Docket No. 38 at 4, ¶ 8.

Although courts are limited in their ability to vacate an arbitrator's award, the FAA authorizes a district court to vacate an arbitration award on four specific and limited grounds:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). In addition to these grounds, the Tenth Circuit has acknowledged a judicially-created basis for vacating an award when an arbitrator acted in "manifest disregard" of the law. *See Dominion Video Satellite, Inc. v. Echostar Satellite, LLC*, 430 F.3d 1269, 1275 (10th Cir. 2005).

Under the provisions of 9 U.S.C. § 10(a)(3), an arbitration award is subject to challenge if the arbitrator was guilty of misconduct in refusing to postpone a hearing, in

4

refusing to hear evidence, or in misbehaving in some other way. 9 U.S.C. § 10(a)(3); *see also ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, at 1463-64 (10th Cir. 1995) (noting that "9 U.S.C. § 10(a)(3) permits a court to vacate the arbitrator's award where the arbitrator refused to postpone a hearing upon sufficient cause shown."); *see also Coastal Gen. Const. Servs., Inc. v. Virgin Islands Housing Auth.*, 238 F. Supp. 2d 707, 709 (D.V.I. 2002) (finding that an arbitrator's refusal to postpone the hearing to allow a party to investigate an amended claim presented twenty-four hours before the hearing amounts to misconduct). The Tenth Circuit has interpreted this provision to mean that, under the FAA, parties are entitled to a fundamentally fair arbitration proceeding. *Bowles Fin. Group, Inc. v. Stifel, Nicolaus & Co.*, 22 F.3d 1010, 1012-13 (10th Cir. 1994). A fundamentally fair hearing requires notice and an opportunity to be heard and to present relevant and material evidence before a decision maker. *Id*. An arbitrary denial of a reasonable request to postpone the hearing may serve as grounds to vacate an award under this provision. *Fairchild & Co., Inc. v. Richmond, F. & P.R. Co.*, 516 F. Supp. 1305, 1313 (D.D.C.1981). Here, American Family does not know whether the arbitrator will agree to a request to postpone the arbitration so that American Family has time to adequately prepare. Moreover, American family does not know whether the arbitrator will agree with American Family's objections regarding how the arbitrators are chosen and where the arbitration takes place. Thus, the harm that American Family claims is not only speculative, but American Family has a legal right to challenge any arbitration award based on the untimeliness of Mr. Nero's notice. The Court therefore finds that American Family has failed to demonstrate irreparable injury.

By so finding, the Court does not reach the other factors of the inquiry because, absent a showing of irreparable harm, American Family does not provide sufficient support for the issuance of a TRO.  See *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1172 (7th Cir. 1997) ("a plaintiff who cannot show any irreparable harm at all from the withholding of a preliminary injunction is not entitled to the injunction however strong his case on the merits, for he has no need for preliminary relief in such a case, no need therefore to short circuit the ordinary processes of the law.").

Therefore, it is

**ORDERED** that American Family's Motion for Temporary Restraining Order to Enjoin Arbitration Set for Monday, March 5, 2012 and Declaration in Support [Docket No. 38] is **DENIED**.

DATED March 2, 2012.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge