IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02717-PAB-MJW

JAMES L. NERO, individually and on behalf of a class of others similarly situated,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

_____

**ORDER**
_____

    This matter is before the Court on defendant's motion to dismiss [Docket No. 20] pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). The motion is fully briefed and ripe for disposition.

    At all relevant times, plaintiff James L. Nero held an automobile insurance policy issued by defendant American Family Mutual Insurance Company. In his Corrected Second Amended Complaint (the "complaint"), plaintiff asserts two categories of claims. First, he contends that defendant issued legally insufficient automobile insurance policies, and concealed that fact, between January 1, 2001 and July 1, 2003. Plaintiff alleges that the policies failed to included certain benefits and requirements provided by the Colorado Auto Accident Reparations Act ("CAARA"), Colo. Rev. Stat. § 10-4-701 *et seq.* (Repealed by Laws 1997, H.B.97–1209, § 8, eff. July 1, 2003). In that regard, plaintiff seeks to represent a class of individuals who allegedly suffered damages "arising out of the purchase of and/or reliance upon Defendant's defective automobile

insurance policies, and Defendant's concealment of material terms of the [policies], during the claims process." Docket No. 19 at 2, ¶ 2. Second, plaintiff alleges that "Defendant's unreasonable delay and/or refusal to pay Plaintiff's and the class' valid claims under the provisions of the [policies] with Defendant constitutes a breach of contract, bad faith, and common law and statutory fraud." Id.

Defendant moves to dismiss plaintiff's complaint on issue preclusion grounds to the extent it is based on an allegation that the policies failed to comply with certain requirements of CAARA. Plaintiff disavows any desire to challenge the insurance policies on that ground, assumes the policies have been reformed to comply with the law, and limits his claims to those "based upon Defendant's failure to comply with its contracts as reformed, and pay [certain] benefits in a timely fashion." Docket No. 28 at 2. Consequently, the Court will dismiss those aspects of plaintiff's complaint that rely on defendant's alleged failure to comply with CAARA and its concealment of that fact, which include Count II, Count III, and Count V of plaintiff's complaint, in their entirety.

Regardless of the claims at issue, plaintiff's complaint relies almost entirely on conclusory allegations that are insufficient to state a claim.[1] For example, plaintiff alleges that "[s]ome of the expenses arising from the medical care provided to Plaintiff

---

[1] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

and his lost wage expenses, that were a direct and proximate result of [an October 12, 2002 automobile accident], were either denied and/or not timely paid by Defendant." Docket No. 19 at 8, ¶ 33.  Furthermore, he contends that defendant "requested and required that Plaintiff meet other conditions for such benefits which are not part of his policy and/or violate the terms of the policy contract, including, for example, that he be subjected to an unreasonably tardy 'independent medical examination,' supposedly to confirm the source of his injury, but years after the motor vehicle collision which gave rise to his claims."  Docket No. 19 at 9, ¶ 34.

Based on such generalized allegations, plaintiff contends that defendant breached the insurance policy by "fail[ing] or refus[ing] to provide the required level of [certain] benefits, and/or has failed to provide such benefits on a timely basis."  Docket No. 19 at 25, ¶ 111.  He also asserts bad faith claims based on the allegations that defendant denied his claim for coverage "without a reasonable basis," Docket No. 19 at 26, ¶ 116, and "acted willfully, fraudulently, intentionally, and in bad faith" and "with the purpose of discouraging, avoiding, reducing and/or delaying the payment due Plaintiff." *Id.* at 27, ¶ 123 ("Defendant knew that its conduct was unreasonable, or Defendant recklessly disregarded the fact that its conduct was unreasonable."); *see id.* at 27, ¶ 124 ("Defendant had no legitimate or arguable reason for refusing and/or delaying the payment of Plaintiff's valid . . . claim.").

Plaintiff alleges virtually no non-conclusory facts in support of these characterizations of defendant's conduct.  The only non-conclusory fact he alleges is that defendant required him to undergo an "independent medical examination" which was not a part of his policy.  But, in fact, such an examination was part of his policy.

The policy requires "[e]ach person claiming any coverage of this policy must . . . [h]ave a physical exam at our expense as often as we may reasonably ask." Docket No. 19-2 at 7. As for plaintiff's allegation that the request for a medical exam was "unreasonably tardy," he fails to articulate any factual basis for the Court to either determine whether there is a time bar on enforcement of that contractual term or a sufficient factual basis to determine that the timing of the request was otherwise "unreasonable."

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Here, plaintiff asserts nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," which are insufficient to state a viable claim for relief. *Iqbal*, 556 U.S. at

678. Instead of providing facts upon which the Court might rely in assessing plausibility, plaintiff asks the Court to take his word for it.

Finally, plaintiff alleges that defendant violated the Colorado Consumer Protection Act ("CCPA"), *see* Colo. Rev. Stat. § 6-1-105 *et seq.*, by "fail[ing] to inform Plaintiff that Defendant had no legal or contractual reason to refuse to pay medical benefits, or lost wages, on a timely basis, as required by Colorado law." Docket No. 19 at 29, ¶ 132. To state such a claim, plaintiff must allege, *inter alia*, that defendant "engaged in an unfair or deceptive trade practice." *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146 (Colo. 2003) (quoting *Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998)). "A person engages in a deceptive trade practice when, in the course of such person's business . . ., such person . . . [f]ails to disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction[.]" Colo. Rev. Stat. § 6-1-105(1)(u). Plaintiff must state the elements of this claim with particularity pursuant to Fed. R. Civ. P. 9(b). *See Cavitat Med. Techs., Inc. v. Aetna, Inc.*, No. 04-cv-01849-MSK-OES, 2006 WL 218018, at *3 (D. Colo. Jan. 27, 2006). The complaint fails to allege any facts indicating how defendant's alleged failure to disclose the general categories of information identified by plaintiff "was intended to induce [plaintiff] to enter into a transaction." Colo. Rev. Stat. § 6-1-105(1)(u). Plaintiff also conclusorily alleges public impact, "injury in fact to a legally protected interest," and injury caused by the unfair or deceptive practice, which are additional elements of a CCPA claim. *See*

*Rhino Linings USA*, 62 P.3d at 147.  Therefore, the Court will dismiss this aspect of the complaint as well.

In sum, the Court will dismiss all of plaintiff's claims for relief against the defendant.  Therefore, to the extent the complaint can be read to include any class-based claims not otherwise dismissed in light of the foregoing, the case will nevertheless be dismissed in light of plaintiff's failure to state a claim.  *See Jackson v. Fortis Benefits Ins. Co.*, 105 F. Supp. 2d 1055, 1063 (D. Minn. 2000) ("[T]he only named class representative, is not competent to represent the putative class, because the Court has determined that her personal claims fail as a matter of law.")

For the foregoing reasons, it is

**ORDERED** that defendant's motion to dismiss [Docket No. 20] is GRANTED and this case is dismissed in its entirety.

DATED September 28, 2012.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge