IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02717-PAB-MJW

JAMES L. NERO, individually and on behalf of a class of others similarly situated,

     Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

     Defendant.

_____

**ORDER**
_____

     This matter is before the Court on the Motion to Vacate the Court's September 28, 2012 and October 2, 2012 Orders [Docket No. 97] filed by plaintiff James L. Nero. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND

     On February 15, 2011, plaintiff James L. Nero filed this putative class action against defendant in the District Court for the Northern District of Illinois. *See* Docket No. 2. On October 19, 2011, the District Court for the Northern District of Illinois transferred the case to this Court pursuant to 28 U.S.C. § 1404(a). *See* Docket No. 1. On January 3, 2012, plaintiff filed a Corrected Second Amended Complaint [Docket No. 19] raising claims on behalf of the class for breach of contract, fraudulent concealment, negligent misrepresentation, bad faith breach of contract, and violations of the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-101 *et seq*. Docket No. 19 at 16-24. The class claims were based on defendant's alleged failure to provide

Personal Injury Protection ("PIP") benefits for insurance policies sold in Colorado as required by the Colorado Auto Accident Reparations Act ("CAARA"), Colo. Rev. Stat. § 10-4-701 *et seq.* (repealed by Laws 1997, H.B. 97-1209, § 8, eff. July 1, 2003).  *Id*. at 2-5.  In the Corrected Second Amended Complaint, plaintiff also raised individual claims against defendant for breach of contract, bad faith delay or denial of insurance benefits in violation of Colo. Rev. Stat. § 10-3-1115, common law bad faith breach of insurance contract, and violations of the CCPA.  *Id*. at 24-29.

On January 17, 2012, defendant moved to dismiss plaintiff's complaint in its entirety.  Docket No. 20.  On September 28, 2012, the Court granted defendant's motion and dismissed plaintiff's individual claims for failure to state claims pursuant to Fed. R. Civ. P. 12(b)(6).  *See* Docket No. 88.  Specifically, the Court found that plaintiff's individual claims "relie[d] almost entirely on conclusory allegations that [we]re insufficient to state a claim," and, therefore, dismissed plaintiff's individual claims for breach of contract, bad faith delay or denial of insurance benefits in violation of Colo. Rev. Stat. § 10-3-115, and common law bad faith.  *Id*. at 2-5.  In addition, the Court dismissed plaintiff's CCPA claim because plaintiff did not plausibly allege that defendant engaged in a deceptive trade practice or that defendant's actions had a significant public impact.  *Id*. at 5-6.  Moreover, the Court dismissed plaintiff's class claims of fraudulent concealment, negligent misrepresentation, and violations of CCPA because "[p]laintiff disavow[ed] any desire to challenge the insurance policies" on the grounds that defendant's policies violated certain CAARA requirements.  *Id*. at 2.

Because plaintiff did not plausibly allege his individual claims, the Court also dismissed the claims plaintiff brought on behalf of the putative class.  Docket No. 88 at 6.

On October 2, 2012, judgment entered in this case.  Docket No. 89.  On October 26, 2012, plaintiff filed the present motion requesting that the Court grant him relief from judgment pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure.  Docket No. 97 at 3.

## II.  STANDARD OF REVIEW

When a motion to vacate an entry of judgment is timely under both Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b), the Court may consider the motion based on either rule depending on the reasons expressed by the movant.  *Commonwealth Prop. Advocates, LLC. v. Mortgage Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011); *Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005).  Under Rule 59(e), a motion to amend or alter the judgment must be filed no later than 28 days after the entry of the judgment.  Fed. R. Civ. P. 59(e).  By contrast, a motion under Rule 60(b) must be filed no later than a year after the entry of judgment if it is filed under Rule 60(b)(1), (2), or (3).  Fed. R. Civ. P. 60(c)(1).  In this case, final judgment entered on October 2, 2012 and plaintiff filed the present motion on October 26, 2012.  Accordingly, plaintiff's motion is timely under Rule 59(e) and Rule 60(b) and, therefore, the Court will construe plaintiff's request based on the arguments raised in plaintiff's motion.  *Jennings*, 394 F.3d at 855.

To succeed on a Rule 59(e) motion, a party must show either "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need

to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Similarly, Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances." *Id*. at 1009.  To prevail on a Rule 60(b) motion, a party must show, among other things, that he "discovered [new] evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial," there is evidence of "fraud . . . misrepresentation, or misconduct by an opposing party," or he is entitled to relief for "any other reason."  Fed. R. Civ. P. 60(b)(2), (3), (6).

As noted above, the Court granted defendant's motion to dismiss because it found that plaintiff did not plausibly allege facts in support of his individual claims. Docket No. 88.  As a general rule, a putative class representative who does not sufficiently allege individual injury may not seek relief on behalf of himself or any other member of the class.  *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).  Hence, in order to represent the class, plaintiff "must allege and show that [he] personally ha[s] been injured, not that injury has been suffered by other, unidentified members of the class to which [he] belong[s] and which [he] purport[s] to represent."  *Warth v. Seldin*, 422 U.S. 490, 502 (1975); *see Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) ("[I]n class actions, the named representatives must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.") (internal citations omitted)).

Thus, for the Court to grant plaintiff's requested relief, plaintiff must show either that the Court's order dismissing his individual claims was based on a clear error of law,

4

that he discovered new evidence previously unavailable about his individual claims, or that vacating the judgment is in the interest of justice.  Plaintiff, however, cannot rely solely on the plausibility of his class claims.

## III.  ANALYSIS

### A.  Rule 60(b)(3)

Plaintiff argues that he is entitled to relief pursuant to Rule 60(b)(3) because defendant's alleged misconduct during discovery substantially impeded his ability to prosecute this case.  Docket No. 97 at 3-7.  Plaintiff contends that: (1) defendant untimely disclosed 926 pages of discovery material in September 2012, *id*. at 4; (2) Pamela Alsup, one of defendant's employees, did not conduct research when responding to plaintiff's discovery requests and "mysteriously" found PIP manuals only days before her deposition, *id*. at 4-5; and (3) deposition testimony from some of defendant's employees demonstrates that defendant failed to disclose relevant documents.  *Id*. at 6.  Plaintiff further claims that, because "[m]uch of the requisite proof of Plaintiffs' class claims necessarily resides under the exclusive control of Defendant," plaintiff could not obtain factual support that would have allowed plaintiff to seek leave to amend his complaint.  *Id*. at 6-7.

Rule 60(b)(3) allows a court to relieve a party from a final judgment based on "fraud . . ., misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3).  The party relying on Rule 60(b)(3) "must show 'clear and convincing proof' of fraud, misrepresentation, or misconduct."  *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (citation omitted).  In addition, "the challenged behavior

must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." *Id*. (citation omitted; emphasis in original). Rule 60(b)(3) "is aimed at judgments which are unfairly obtained, not at those which are factually incorrect." *Id*.

With regard to defendant's disclosure of 926 pages of discovery material in September 2012, it is undisputed that defendant opposed a majority of plaintiff's discovery requests on the grounds that plaintiff sought these documents for an improper purpose. *See* Docket Nos. 40, 47. In addition, on April 13, 2012, the magistrate judge denied plaintiff's motion to compel and found that defendant had met all of its obligations under Rule 26(a)(1). Docket No. 48. Thus, although defendant did not disclose the 926 pages of discovery until September 2012, there is no indication that it was under any obligation to do so before this date. In cases such as this, where the parties dispute whether disclosure of certain documents is required under the Federal Rules of Civil Procedure, it is not misconduct within the meaning of Rule 60(b)(3) for defendant to refuse to disclose documents it believes in good faith are sought for an improper purpose until there is a court order for it to do so. *Cf. Zurich*, 426 F.3d at 1292 (noting that a violation of Rule 60(b)(3) "usually requires the violation of a specific discovery request or order"). Rule 60(b)(3) requires more than just a refusal to comply with a plaintiff's request for discovery; instead, the rule requires that a plaintiff demonstrate by clear and convincing evidence that defendant had "an intent to deceive or defraud the court, by means of a deliberately planned and carefully executed scheme." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). The Court finds

6

that defendant's disclosure of the 926 pages of discovery in September 2012 does not demonstrate a clear intent to deceive or defraud the Court, especially given that, in April 2012, the magistrate judge found that defendant had complied with its obligations under Rule 26.

With regard to Ms. Alsup, the Court finds that her failure to perform a line-by-line review of the interrogatory responses she signed on behalf of defendant is not evidence of an elaborate scheme to deceive the Court. *Yapp*, 186 F.3d at 1231. Ms. Alsup may not have been thorough in her review of plaintiff's interrogatories, but a failure to fulfill one's duty under Rule 26 is not clear and convincing evidence of fraud, misrepresentation, or misconduct sufficient to vacate a judgment under Rule 60(b)(3). *Zurich*, 426 F.3d at 1292. Similarly, with regard to Ms. Alsup's untimely disclosure of PIP manuals, plaintiff presents no evidence showing that her failure to disclose the PIP manuals was intentional or deliberate. *Id*. (noting that conclusory allegations are not sufficient for the Court to provide relief under Rule 60(b)(3)). As defendant states in its response, the PIP manuals were disclosed to plaintiff as soon as Ms. Alsup located them, Docket No. 100 at 5, and the magistrate judge allowed plaintiff to depose Ms. Alsup over the span of two days so that plaintiff could have more time to review the manuals. *See* Docket No. 71. Thus, although it is true that failure to disclose requested documents during discovery may constitute misconduct under Rule 60(b)(3) in certain circumstances, *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999), because plaintiff does not establish that Ms. Alsup's untimely disclosure was deliberate, the Court finds that defendant's untimely disclosure

7

of the PIP manuals is not clear and convincing evidence of defendant's intent to deceive or defraud the Court. *Zurich*, 426 F.3d at 1292.

Finally, plaintiff argues that defendant did not disclose several documents defendant's employees identified during their depositions. Docket No. 97 at 4-6. Plaintiff, however, does not argue that defendant was required to disclose these documents by court order or that defendant was not entitled to object to their disclosure. In any event, "arguable violations of Rule 26 do not satisfy the clear and convincing evidence of fraud, misrepresentation or misconduct standard." *Zurich*, 426 F.3d at 1292. Thus, because plaintiff does not claim that defendant refused to disclose these documents in violation of a discovery order, the Court finds that an alleged failure to disclose these documents does not rise to the level of clear and convincing evidence of fraud, misrepresentation, or misconduct sufficient to vacate a judgment under Rule 60(b)(3). *Zurich*, 426 F.3d at 1292.

Accordingly, because there was no order to compel production of the documents and there is no direct evidence that defendant intentionally failed to comply with its discovery obligations, the Court finds that plaintiff is not entitled to relief pursuant to Rule 60(b)(3). *Yapp*, 186 F.3d at 1232.

## B.  Rule 60(b)(2)

Plaintiff argues that he is entitled to relief from judgment pursuant to Rule 60(b)(2) and Rule 59(e) because he has discovered new evidence that was previously unavailable to support his claims. Docket No. 97 at 7-8. Specifically, plaintiff states that the transcripts of the depositions he took of Ms. Alsup, John Horak, and Matthew

Buckley identified new material evidence in support of his claims. *Id*. at 8.  In addition, plaintiff contends that he has uncovered new evidence from the 926 pages of PIP claims materials defendant produced on September 10, 2012.  *Id*.

Under Rule 59(e), the Court may grant plaintiff's motion to amend or alter judgment only "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (citation omitted). Rule 60(b)(2) allows courts to grant a party relief from a judgment if the moving party presents "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  Fed. R. Civ. P. 60(b)(2).  To be eligible for relief under Rule 60(b)(2), the moving party must show: "(1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence [was] not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result." *Zurich*, 426 F.3d at 1290 (internal quotation marks and citation omitted).  In this case, plaintiff seeks relief from an order dismissing the case, not from the result of a trial – but the required showing under Rule 60(b)(2) remains the same.  *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011).

With regard to the deposition transcripts, plaintiff argues that these transcripts demonstrate that defendant had a "systemic claims processing scheme whereby it demanded Plaintiffs provide extraneous documentation or information in clear violation of the Subject Policies and CAARA, just to delay payment of their claims, or improperly deny claims altogether."  Docket No. 97 at 6.  Even assuming this is true, plaintiff does

9

not explain how this evidence relates to his individual claims against defendant.  In its response, defendant states that plaintiff received his entire insurance claim file months in advance of September 2012.  Docket 100 at 5.  Plaintiff does not dispute this fact. Given that plaintiff had all of the information in his insurance claim file, which necessarily contained information about how defendant handled his insurance claim, plaintiff does not explain how the evidence from the deposition transcripts, which describes defendant's generally applicable business practices, provided him with new evidence about his individual claims for relief.  In his reply, plaintiff states that "Defendant's polices and procedures pertaining to PIP claims handling are germane to Mr. Nero's allegations and claims."  Docket No. 102 at 4.  However, even this conclusory statement does not explain what testimony in the deposition transcripts constitutes new evidence about plaintiff's individual claims that was not included in plaintiff's insurance claim file.

In fact, nowhere in the motion to vacate does plaintiff argue that the new facts he alleges in support of his individual claims in the proposed Third Amended Complaint at Law [Docket No. 97-1] come from the deposition transcripts.  Instead, a review of plaintiff's proposed third amended complaint demonstrates that all of the "new" allegations plaintiff asserts in support of his individual claims are based on evidence plaintiff had in his possession before he took the depositions of defendant's employees. For example, plaintiff's third amended complaint recounts the events leading up to his car accident, Docket No. 97-1 at 7-9; identifies the medical records defendant paid or refused to pay, *id*. at 10-14; alleges defendant's failure to communicate with plaintiff about his claim, *id*. at 14-16; and attaches letters from insurance agents who handled

10

his insurance claim. *Id*. at 15-16; *id*. at 76-97.  Because plaintiff had all of the information now alleged in the third amended complaint before September 2012, it is not "new" or otherwise unavailable evidence within the meaning of Rule 60(b)(2) or Rule 59(e).  *Dronsejko*, 632 F.3d at 670.  Similarly, plaintiff does not explain how the 926 pages of discovery material from September 2012 provided new information about his individual claims.  In his motion, plaintiff argues that the 926 pages of discovery materials show that defendant "triage[d]" insurance claims.  Docket No. 97 at 10. However, there is no connection between the alleged triage of claims and plaintiff's individual insurance claim.  Accordingly, because plaintiff had all of the evidence necessary to plausibly state his individual claims before September 2012, plaintiff does not show that amending the judgment is justified on the basis of newly discovered evidence.  *Dronsejko*, 632 F.3d at 670.  Therefore, the Court finds that plaintiff is not entitled to relief pursuant to Rule 60(b)(2) or Rule 59(e).

### C.  Clear Error Under Rule 59(e)

Plaintiff argues that he is entitled to relief from judgment pursuant to Rule 59(e) because the Court committed clear error when it dismissed his second, third, and fifth class claims for relief.[1]  Docket No. 97 at 11.  Plaintiff asserts that the Court

---

[1]Plaintiff's second class claim for relief alleged claims of fraudulent concealment; the third class claim for relief asserted claims of negligent misrepresentation; and the fifth class claim for relief raised claims of violations of the CCPA.  Docket No. 19 at 16-24.  The relevance of these claims to plaintiff's requested relief is uncertain given that plaintiff did not assert claims of fraudulent concealment and negligent misrepresentation with his individual claims.  *See Rector v. City & Cnty. of Denver*, 348 F.3d 935, 946 (10th Cir. 2003) (dismissing class action brought under section 1983 challenging procedure assessing late fees for parking tickets because defendants did not assess or attempt to collect a late fee from class representatives).

"misunderstood" his response to defendant's motion to dismiss and erroneously found that plaintiff disavowed his second, third, and fifth claims. *Id*. In support, plaintiff explains that his second, third, and fifth claims are not based on a "defective offer of PIP insurance," but rather are based on "Defendant's failure to comply with the *contractual promises* it made through its policies and a deliberate failure to pay PIP claims in a timely fashion in accordance with CAARA." *Id*. (emphasis added)

As noted above, to succeed under Rule 59(e), plaintiff must show that the Court's order was based on a clear error of law. *See Servants of the Paraclete*, 204 F.3d at 1012. In its motion to dismiss, defendant sought to dismiss all of plaintiff's class action claims based on the doctrine of issue preclusion. Docket No. 20 at 5. In response, plaintiff argued that "his [class] claims are based on Defendant's *failure to comply* with its contracts as reformed, and to pay PIP benefits in a timely fashion," and are not based "upon the defective offer of PIP insurance." Docket No. 28 at 2 (emphasis in original). Because plaintiff limited his claims against defendant to those based on defendant's breach of its contractual obligations, the Court dismissed plaintiff's tort claims based on the same conduct as his breach of contract claim. Docket No. 88 at 2. Although plaintiff now argues that this was an error, Docket No. 97 at 12, the Court perceives no error.

Here, there is no dispute that plaintiff disavowed his second, third, and fifth claims for relief to the extent they arose in tort and plaintiff continues to deny that he alleges those claims on this basis in the present motion to vacate judgment. *See* Docket No. 28 at 2; Docket No. 97 at 11-12. Thus, the Court finds no clear error in

12

dismissing plaintiff's second, third, and fifth claims for relief based on a tort theory.  *See Servants of the Paraclete*, 204 F.3d at 1012.

In addition, to the extent plaintiff raised his claims of fraudulent concealment, negligent misrepresentation, and violations of the CCPA based on duties that were not independent of his insurance contract with defendant, those claims are barred by the economic loss rule.  *See BRW, Inc. v. Dufficy & Sons, Inc.*, 99 P.3d 66, 72 (Colo. 2004) (noting that the economic loss rule states that a party suffering only economic loss from the breach of a contractual duty may not assert a tort claim absent an independent duty of care under tort law).  Although neither side has raised the economic loss rule, the doctrine has clear relevance to plaintiff's Rule 59(e) motion and merits discussion. Under the economic loss rule, a party suffering only economic loss from the breach of a contractual duty may not assert a tort claim absent an independent duty of care under tort law.[2]  *Town of Alma v. AZCO Constr., Inc.*, 10 P.3d 1256, 1259 (Colo. 2000). Generally, a claim is considered independent of a contractual duty when two conditions are satisfied: "[f]irst, the duty must arise from a source other than the relevant contract"; and "[s]econd, the duty must not be a duty also imposed by the contract."  *Haynes Trane Serv. Agency, Inc. v. Am. Standard, Inc.*, 573 F.3d 947, 962 (10th Cir. 2009). The Colorado Supreme Court has identified three policy reasons to support the

---

[2]The economic loss doctrine is substantially the same under Illinois law.  *See Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 636 N.E.2d 503, 514 (Ill. 1994) (noting that the evolution of the economic loss doctrine shows that the doctrine is applicable to the service industry only where the duty of the party performing the service is defined by the contract that he executes with his client. Where a duty arises outside of the contract, the economic loss doctrine does not prohibit recovery in tort for the negligent breach of that duty).

application of the economic loss rule between commercial parties: (1) maintaining the distinction between contract and tort law; (2) enforcing expectancy interests of the parties so that they can reliably allocate risks and costs during bargaining; and (3) encouraging parties to build cost considerations into contracts since they will not recover economic damages in tort.  *BRW*, 99 P.3d at 72.  Because plaintiff's second, third, and fifth claims arise out of duties imposed by the insurance contract, they are barred by the economic loss rule.  Thus, the Court finds no clear error with its previous ruling dismissing such claims.  *See Servants of the Paraclete*, 204 F.3d at 1012. Accordingly, the Court finds that plaintiff is not entitled to relief pursuant to Rule 59(e).

### D.  Rule 60(b)(6) and Request to File Third the Amended Complaint at Law

Plaintiff argues that he is entitled to relief from judgment to prevent injustice pursuant to Rule 60(b)(6).  Docket No. 97 at 12-13.  In support, plaintiff claims that if he is not granted leave to file an amended complaint, then the members of the class will lose their right to file their claims against defendant.  *Id*. at 13.

Under Rule 60(b)(6), the Court may relieve a party or its legal representative from a final judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case."  *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (citation omitted).  Relief under Rule 60(b)(6) is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted or when it "offends justice" to deny such relief.  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996).

14

As a threshold matter, the Court notes that, because only plaintiff's individual claims were dismissed for failure to state a claim and no class has been certified, the unnamed class members are not barred from raising their own claims in a separate case. *See Chevron USA Inc. v. Sch. Bd. Vermilion Parish*, 294 F.3d 716, 720 (5th Cir. 2002) (holding that district court's order did not bind members of putative class because no class action was certified); *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1013 n. 1 (9th Cir. 2000) (holding that summary judgment against an uncertified class only bound the named members, with no res judicata effect on the claims of unnamed members of the purported class); *Villagrana v. Graham*, 60 F. App'x 713, 715 (10th Cir. 2003); *Reed v. Bowen*, 849 F.2d 1307, 1313 (10th Cir. 1988) (noting that any members of the putative class could assert their claims in the future because they were not bound by the dismissal of the named plaintiffs' claims). Thus, because the interests of the rest of the putative class are not affected by this Court's order of dismissal, the Court will not discuss issues related to class members here.

With regard to plaintiff's request for leave to file an amended complaint, Rule 15(a) provides that a party may amend his pleadings once as a matter of course at any time before a responsible pleading is served. Fed. R. Civ. P. 15(a)(1); *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 370 (10th Cir. 1989). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Generally, a court should freely grant leave to amend "when justice so requires." *Id*. However, "this presumption is reversed in cases, such as here, where a plaintiff seeks to amend a complaint after judgment has been

entered and a case has been dismissed." *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (citation omitted). The Tenth Circuit has "repeatedly and unequivocally held that, once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Id.*; *accord Seymour v. Thornton*, 79 F.3d 980, 987 (10th Cir. 1996); *Combs v. PricewaterhouseCoopers LLP*, 382 F.3d 1196, 1205 (10th Cir. 2004); *Myers v. Alliance for Affordable Servs.*, 371 F. App'x 950, 960 (10th Cir. 2010). The fact that a party desiring to amend a pleading after judgment has entered must first obtain relief from the judgment imposes important restrictions on the ability to employ Rule 15(a) in a way that is contrary to the philosophy favoring the finality of judgments and the expeditious termination of litigation. *Tool Box*, 419 F.3d at 1087.

As noted above, plaintiff has not established that the information he discovered after he deposed defendant's employees and received defendant's production of documents was "new" evidence or otherwise unavailable with regard to his individual claims. Thus, because plaintiff could have moved to amend his complaint with regard to his individual claims before judgment entered, but chose not to, the Court finds that plaintiff does not show that amending the judgment is justified on the grounds of the availability of new evidence. *See Tool Box*, 419 F.3d at 1088 (noting that "[c]ourts have refused to allow a postjudgment amendment when, as here, the moving party had an opportunity to seek the amendment before entry of judgment but waited until after judgment before requesting leave"); *accord Zurich*, 426 F.3d at 1294.

In addition, plaintiff does not show that manifest injustice will result from a refusal to amend the judgment in this case to allow the amended complaint.  Because plaintiff had the necessary information regarding his individual claims before judgment entered, it is unclear where "manifest injustice" derives if he is not allowed to add information he previously chose not to include in his corrected second amended complaint.  *Cashner*, 98 F.3d at 580 (noting that the broad power given to courts under Rule 60(b)(6) "is not for the purpose of relieving a party from free, calculated and deliberate choices he has made").

To the extent plaintiff argues that parties should not preemptively file motions seeking leave to amend when they do not know how the Court will rule on a motion to dismiss, Docket No. 97 at 13 n. 4, the Court is not persuaded.  Plaintiff should have asserted his claims before the Court reached its decision on the merits because the Court, when ruling on a motion to dismiss, "is not required to imagine all possible amendments and determine whether any would [help plaintiff] state" a plausible claim for relief.  *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 524 (10th Cir. 2013); *see also Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000) (noting that plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies). Rather, in defending the motion to dismiss, plaintiff must submit a proposed amendment for the court's consideration or at least specify how any proposed amendment would cure the complaint's deficiencies should the Court grant the motion to dismiss.  *Toone*, 716 F.3d at 524; *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009) (noting the same).  Accordingly, because plaintiff failed to plead his claims with

17

the required plausibility and did not attach an amended complaint with his response to defendant's motion to dismiss, the Court finds that plaintiff is not entitled to relief pursuant to Rule 60(b)(6).  *See Cashner*, 98 F.3d at 580 (noting that relief under Rule 60(b)(6) is appropriate only for situations that are so "unusual or compelling" that it "offends justice" to deny such relief).

### E.   Plaintiff's Third Amended Complaint At Law

Given that plaintiff is not entitled to relief from judgment pursuant to Rule 60(b) or Rule 59(e), the Court will not opine on the sufficiency of plaintiff's proposed third amended complaint.  *See The Tool Box*, 419 F.3d at 1087-88.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion to Vacate the Court's September 28, 2012 and October 2, 2012 Orders [Dkt. 88 and 89], for Leave to File their Third Amended Complaint and to Stay the Court's October 2, 2012 Order [Docket No. 97] is **DENIED**.

DATED September 23, 2013.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge