IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02717-PAB-MJW

JAMES L. NERO, individually and on behalf of a class of others similarly situated,

      Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

      Defendant.

_____

**ORDER**
_____

This matter is before the Court on Defendant's Motion to Review Taxation of Costs [Docket No. 96] filed by defendant American Family Mutual Insurance Company ("American Family").

## I. BACKGROUND

Plaintiff James L. Nero filed his corrected second amended complaint [Docket No. 19] on January 3, 2012. American Family moved to dismiss the complaint on January 17, 2012. Docket No. 20. At the January 27, 2012 scheduling conference, American Family argued that discovery should be stayed pending disposition of the motion to dismiss. Docket No. 42 at 3-4. According to the Scheduling Order on Class Certification Only, the discovery cut-off for class certification was set for July 2, 2012. Docket No. 26 at 11. The parties proceeded with discovery. On August 1, 2012, American Family moved for summary judgment. Docket No. 54. The summary judgment motion cites extensively to Mr. Nero's deposition. *See, e.g.*, Docket No. 54 at

2-3 (Statement of Undisputed Material Facts).  On September 28, 2012, the Court

granted American Family's motion to dismiss and, on October 2, 2012, final judgment

entered in favor of American Family, awarding, *inter alia*, costs to be taxed by the Clerk

of Court.  Docket Nos. 88 and 89.  American Family filed a proposed bill of costs in the

amount of $9,597 for expenditures since the filing of plaintiff's corrected second

amended complaint.  Docket No. 92 at 1.  On October 19, 2012, the Clerk of Court

taxed costs in the amount of $447.64, denying all costs expended after American

Family filed its motion to dismiss, since such costs were not necessary to the motion

that disposed of the case.  Docket No. 94.  American Family filed the instant motion to

recover costs incurred after it filed its motion to dismiss, but prior to the granting of that

motion.  Docket No. 96.

## II.  ANALYSIS

American Family seeks to recover the following amounts: (1) $3,827.60 for a

video and stenographic transcript of Mr. Nero's deposition; (2) $2,703.67 for the

deposition transcripts of American Family employees Pamela Alsup, Matthew Buckley,

and John Horak; (3) $613.00 for transcripts of the scheduling and status conferences

held by Magistrate Judge Michael J. Watanabe; (4) $477.95 for printing and copying

expenses; and (5) $696.30 for loading discovery into an electronic database.  Docket

No. 96 at 3, 5 n.2; *see also* Docket No. 91.  Mr. Nero argues that the Court should

reject this request in its entirety or, in the alternative, award less than the full amounts

sought.  Docket No. 101 at 8.

Title 28, United States Code, § 1920 governs what costs are taxable under

Federal Rule of Civil Procedure 54(d)(1) and allows the Court to tax fees "for printed or

electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The party seeking costs bears the burden of establishing that the requested sums were reasonably necessary to the litigation. *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002). Courts must evaluate the reasonableness of each expenditure according to the "particular facts and circumstances at the time the expense was incurred" and not with the benefit of hindsight. *In re Williams Sec. Litig-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009). The Court "will not penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case." *Id*. (internal citations omitted). "[T]he taxing of costs pursuant to Rule 54(d)(1) rests in the sound judicial discretion of the trial court, and an abuse of that discretion occurs only where the trial court bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *Allison*, 289 F.3d at 1248 (internal citations omitted).

When a "deposition was reasonably necessary to the litigation, the resulting costs are generally allowable." *Karsian v. Inter-Regional Fin. Group, Inc.*, 13 F. Supp. 2d 1085, 1088 (D. Colo. 1998) (citations omitted). However, if the deposition was taken "simply for discovery purposes, then costs are not recoverable." *Id*. A deposition is not "simply for discovery purposes" if it is "offered into evidence, is not frivolous, and is within the bounds of vigorous advocacy." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998). A district court has discretion to award costs for materials

that are "reasonably necessary for use in the case although not used at trial." *Id*.

Section 1920 also allows the Court to tax "[f]ees for exemplification and the costs of

making copies of any materials where the copies are necessarily obtained for use in the

case." 28 U.S.C. § 1920(4).

### A.  E-Discovery Costs

Mr. Nero argues that costs for uploading, exporting, and converting discovery

data are not compensable under § 1920 because the statutory language does not

explicitly refer to these activities. Docket No. 101 at 4-5. Mr. Nero does not, however,

address the fact that the statute, as amended in 2008, *see* Judicial Administration and

Technical Amendments Act of 2008, Pub. L. No. 110-406, 122 Stat. 4291 (2008),

covers "the costs of making copies of *any materials*." 28 U.S.C. § 1920(4) (emphasis

added). Courts have recognized that this language "plainly signifies that § 1920(4)'s

allowance for copying costs is not limited to paper copying." *Race Tires America, Inc. v.*

*Hoosier Racing Tire Corp.*, 674 F.3d 158, 166 (3d Cir. 2012).

Taxable e-discovery costs are generally limited to the cost of initially uploading

data and converting native files to other formats, such as TIFF and PDF. *See id*. at 171

("In sum, we conclude that . . . only the scanning of hard copy documents, the

conversion of native files to TIFF, and the transfer of VHS tapes to DVD involved

'copying,' and that the costs attributable to only those activities are recoverable under

§ 1920(4)'s allowance for the 'costs of making copies of any materials.'"); *see also*

*Country Vintner of North Carolina, LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 261

(4th Cir. 2013) ("For all these reasons, we agree with the district court's finding that, in

this case, only the conversion of native files to TIFF and PDF formats, and the transfer of files onto CDs, constituted 'making copies' under § 1920(4).").  Even before the 2008 amendment, the Tenth Circuit held in *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1476 (10th Cir. 1997), that the district court did not abuse its discretion in awarding costs for imaging documents stored on an internal data management server, despite the non-prevailing party's argument that "much of this information was cumulative because the defendants had the information in their possession prior to the broadcasts."

Under the cited cases, American Family is entitled to recover as taxable costs the amount spent on loading data into an electronic database and converting files to TIFF or PDF formats.  *See, e.g.*, *Race Tires*, 674 F.3d at 171.

## B.  Deposition Transcripts

Mr. Nero argues that the costs of the deposition transcripts are not taxable because the depositions were taken solely for discovery purposes.  Docket No. 101 at 4.  This argument is based on the January 27, 2012 minute order allowing discovery to proceed with respect to the class certification issue alone.  Docket No. 24.  However, as American Family points out, three of the four depositions were noticed by Mr. Nero. *See* Docket No. 96 at 8.  American Family noticed only the deposition of Mr. Nero, which it relied on heavily in its motion for summary judgment.  *See* Docket No. 54 at 2-3.  The fact that all four depositions were taken pursuant to a scheduling order providing for discovery on the class certification issue does not, in and of itself, mean that the depositions were taken solely for the purpose of discovery.  *See Callicrate*, 139

F.3d at 1340.  Thus, Mr. Nero's argument on this point is unpersuasive.  Moreover, it would be inequitable to impose on American Family the cost of depositions that Mr. Nero himself believed were reasonably necessary at the time they were taken.  *See In re Williams*, 558 F.3d at 1148 ("This standard recognizes that caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation, including the possibility of trial.") (internal citations omitted).

Mr. Nero argues that the $45.00 charge for a Litigation Support Package for each deposition is not taxable because it is unclear what that is.  Docket No. 101 at 5. American Family explains that this charge covers the creation of an "electronically searchable version of the deposition transcript," Docket No. 96 at 8 n.3, and argues that "electronic transcripts have become such a ubiquitous part of the profession that they cannot be described as a mere convenience."  Docket No. 103 at 7.  Given the increasing reliance on electronic documents through all stages of civil litigation, and the potential of these relatively inexpensive services to save both parties time and money, the Court cannot find that obtaining electronic transcripts is merely a matter of convenience.

Mr. Nero argues that the Court should deny costs for expediting the transcript of Ms. Alsup's deposition.  Docket No. 101 at 5.  American Family contends that it was necessary to expedite receipt of this transcript because plaintiff ordered an expedited copy and signaled his intent to make use of it in discovery briefing filed one week after the deposition was taken.  Docket No. 103 at 7 n.3.  As it was plaintiff's decision to accelerate the timeline with respect to the use of this particular deposition, it was not

unreasonable for American Family to obtain an expedited transcript in order to properly respond to Mr. Nero's briefings and thus this cost is taxable.

### C.  Videotape of Deposition

Mr. Nero argues that American Family has not met its burden of demonstrating that it was reasonably necessary to obtain both a written transcript and a videotape of his deposition.  Docket No. 101 at 5-6.  American Family counters that the written transcript was necessary to support its motion for summary judgment and that the videotape was necessary to permit jurors to assess the credibility of the lead plaintiff. Docket No. 103 at 7.

In *Tilton*, the Tenth Circuit held that, read alongside Federal Rule of Civil Procedure 30(b)(2)-(3), § 1920(2) permits the taxing of video deposition costs.  115 F.3d at 1477.  The court cited *Meredith v. Schreiner Transport, Inc.*, 814 F. Supp. 1004, 1006 (D. Kan. 1993) *abrogated on other grounds by Wirtz v. Kansas Farm Bureau Servs, Inc.*, 355 F. Supp. 2d 1190, 1209 (D. Kan. 2005), for the proposition that the cost of a written transcript may be taxed in addition to the cost of a videotape if the transcript has "a legitimate use independent from or in addition to the videotape which would justify its inclusion in an award of costs."  *Id*. at 1478.  The court noted that there are many practical differences between these media that lend them to different uses by a party and concluded that, "under the reasoning of *Meredith*, [] in most cases, a stenographic transcript of a videotaped deposition will be 'necessarily obtained for use in the case.'"  *Id*. (internal citation omitted).

The logic of *Tilton* applies in this case.  *See* 115 F.3d at 1477.  As American

Family explained, the videotape of Mr. Nero's deposition was obtained for the purpose of impeaching him at trial, while the written transcript was necessary for preparing the motion for summary judgment. Docket No. 103 at 7. Since the two recordings of the deposition had independent purposes, both of which were reasonably necessary at the time of the deposition, the costs for both are taxable. *See Meredith*, 814 F. Supp. at 1006.

Mr. Nero argues that costs for both a videotape and a written transcript are available only in "certain circumstances" and that American Family has not established that such circumstances hold in the present instance. Docket No. 101 at 6 (citing *Karsian*, 13 F. Supp. 2d at 1088). The Court disagrees. American Family has satisfied its burden to show that both the written transcript and the videotape of Mr. Nero's deposition were reasonably necessary to the case at the time they were obtained.

### D. Hearing Transcripts

Mr. Nero argues that the cost of transcripts of the January 27, 2012 scheduling conference and the April 3, 2012 status conference are not taxable. Docket No. 101 at 6-7. Mr. Nero contends that such transcripts were unnecessary because counsel for American Family was present at both hearings and able to take notes and because both hearings resulted in a written order. *Id*.; *see* Docket Nos. 24, 26, and 46. American Family counters that the transcripts were necessary to preserve a record of Mr. Nero's position on discovery-related matters. Docket No. 103 at 7-8.

American Family's argument is buttressed by the fact that it made use of the discovery hearing transcripts in two separate filings. *See* Docket No. 73 at 13 ("Indeed,

the January 2001 through July 2003 timeframe *is the very same timeframe* Nero previously told this Court for which he wanted this data.") (emphasis in original); Docket No. 73-12; Docket No. 100 at 7-8 ("At that conference, this Court stated that 'the parties have both complied with both Rules 26(f) and 26(a)(1) of the Federal Rules of Civil Procedure,' and thus, that the Rule 26 initial disclosures were complete.").  In light of American Family's use of these transcripts in litigating discovery disputes and in responding to Mr. Nero's Rule 60 motion to vacate the final judgment–which turns on the parties' conduct during discovery, *see* Docket No. 97–the Court finds that these transcripts were "necessarily obtained for use in the case."  28 U.S.C. § 1920(2); *see also Baker v. Echostar Communications Corp.*, No. 06-cv-01103-ZLW-BNB, 2008 WL 5216794, at *1 (D. Colo. Dec. 11, 2008) ("the most direct evidence of necessity is the actual use of materials obtained by counsel or by the court") (internal citation omitted).

### E.  Copying Costs

Mr. Nero argues that the Court should deny the $477.95 American Family seeks for printing because it has already awarded $447.64 for scanning and bates labeling of plaintiff's claim file.  Docket No. 101 at 7; *see* Docket No. 92.  However, as American Family points out, Docket No. 103 at 5 n.2, the costs awarded by the Clerk of Court cover the cost of printing and labeling documents prior to the filing of the motion to dismiss, while the amount currently at issue represents the cost of printing and copying documents after the filing of the motion to dismiss. *Compare* Docket No. 92-1 at 9-10 *with* Docket No. 92-1 at 20.  Since "fees and disbursements for printing" and for "making copies of any materials" are taxable, American Family has carried its burden of

showing that these costs are recoverable.  28 U.S.C. § 1920(3), (4).

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion to Review Taxation of Costs [Docket No. 96] filed by defendant American Family Mutual Insurance Company is GRANTED in part. The Court taxes a total of $8,313.22 in costs,[1] consisting of: (1) $613.00 for transcripts of the two hearings before Judge Watanabe; (2) $6,531.27 for costs associated with depositions; (3) $477.95 for printing and copying costs; and (4) $691.00 for loading data and converting between electronic file formats.

DATED September 23, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] Although American Family asserts that it is seeking a total of $8,353.08 in costs, its specific requests in fact total only $8,318.52.  *Compare* Docket No. 96 at 3 *with* Docket No. 96 at 10.